**Aly SY, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–3916.

United States Court of Appeals, Sixth Circuit.

Jan. 28, 2004.

Ronald S. Salomon, New York, NY, for Petitioner.

Joan E. Smiley, Richard M. Evans, Washington, DC, for Respondent.

Before SUHRHEINRICH, CLAY, and SUTTON, Circuit Judges.

*ORDER*

Aly Sy, a citizen of Mauritania currently residing in Ohio, petitions through counsel for review of an order of the Board of Immigration Appeals affirming an Immigration Judge's decision denying his applications for asylum, 8 U.S.C. § 1158; withholding of removal, 8 U.S.C. § 1231; voluntary departure, 8 U.S.C. § 1229c; and relief under the United Nations Convention Against Torture. The parties have not requested oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Sy was born in Mauritania in 1973. In 1989, he was arrested along with other black students at his high school, imprisoned for five months, interrogated about a political group of which he had no knowledge, beaten and tortured, and finally released at the border of Senegal and forced into a refugee camp there. Sy found his mother also in a refugee camp in Senegal, but neither of them has any knowledge of the whereabouts of Sy's father, who was arrested around the same time. Sy stayed in Senegal until 1995, when he entered this country under false papers. He was placed in removal proceedings, and conceded his removability, but applied for the relief noted above. A hearing was held before an Immigration Judge (IJ), who entered an oral decision at the conclusion of the hearing denying all of the relief requested. The Board of Immigration Appeals affirmed the IJ's decision without opinion. In his brief before this court, Sy seeks review only of the denial of his asylum application, arguing that the IJ erred in concluding that conditions in Mauritania have changed to the extent that he need not fear persecution if he returns.

In order to be granted asylum, an alien must first establish that he is a refugee, and then that he warrants the discretionary relief of asylum. *Diallo v. INS,* 232 F.3d 279, 284 (2d Cir.2000). In this case, the IJ found that Sy established that he had been subjected to past persecution on the basis of his race, ethnicity, and perceived political opinion; he therefore is a refugee and is eligible for asylum.

However, the IJ did not abuse his discretion in declining to grant the discretionary relief of asylum based on the small likelihood of future persecution. *Kazlauskas v. INS,* 46 F.3d 902, 905–07 (9th Cir. 1995). Sy's past persecution entitled him to a presumption that he has a well-founded fear of future persecution. *Ouda v. INS,* 324 F.3d 445, 452 (6th Cir.2003); *Mikhailevitch v. INS,* 146 F.3d 384, 389

(6th Cir.1998). That presumption may be rebutted where the respondent shows by a preponderance of the evidence that conditions in the alien's home country have changed to the extent that he need no longer fear persecution if he returns there. *Id.* The IJ relied on evidence submitted by respondent which showed that conditions in Mauritania have improved significantly since the time when Sy was persecuted. Although the same regime is still in power, the United Nations High Commissioner for Refugees has determined that conditions in Mauritania are safe for exiles from the 1989–1991 period to return. This court may reverse an IJ's conclusion that an alien need not fear persecution only where the record is so compelling that no reasonable factfinder could agree. *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The IJ also properly considered that Sy could have sought relief in Senegal rather than attempting to enter this country under false pretenses. *Cf. Farbakhsh v. INS,* 20 F.3d 877, 881–2 & n. 2 (8th Cir. 1994).

In summary, the IJ did not abuse his discretion in denying asylum based on the facts presented here. Accordingly, the petition for review is denied.